## SAUNDERS v. WILSON.   (No. 2556.)

(Court of Civil Appeals of Texas.   Texarkana.
April 20, 1922.)

**1. Exchange of property** &#8656;8(1)—**Evidence held not to show conclusively inspection should have disclosed falsity of representations in exchange of lands.**

In a suit to rescind a contract for the exchange of property on the ground of fraudulent representations by defendant that the land conveyed to plaintiff was all in one piece and all under cultivation, evidence *held* not to show as a matter of law that the inspection made by plaintiff after the representations were made, in making which he claimed he relied on the representation and inspected only one tract containing about one-third of the total acreage which did conform to the representation as to cultivation, should have disclosed that the land was in two tracts so as to require a directed verdict for defendant.

**2. New trial** &#8656;44(3)—**Statement on juror's knowledge affecting vote of three other jurors requires a new trial.**

Where it was shown that three of the jurors were in favor of returning a verdict for defendant in an action for false representations as to land until another juror stated he was familiar with the land and that it was not of the character represented, it affirmatively appears that defendant's rights were prejudiced by the misconduct of the juror complained of, and it was not within the trial court's discretion to deny a new trial.

Appeal from District Court, Cooke County; C. R. Pearman, Judge.

Suit by Lee Roy Wilson against Owen Saunders to rescind a contract for the exchange of property. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Appellee, Wilson, owned a house and lot in Gainesville, on which he owed $1,000. Appellant, Saunders, owned 32½ acres of land about 17 miles from Gainesville, on which he owed $1,650. In September or October, 1920, the parties entered into an agreement in accordance with which appellee conveyed the house and lot to appellant subject to the $1,000 incumbrance thereon, and appellant conveyed the 32½ acres of land to appellee subject to the $1,650 incumbrance on it. This suit was by appellee as plaintiff to rescind the contract, on the ground that he was induced to make it by representations made to him by appellant that the 32½ acres of land was all in one inclosure and was "all (quoting from the petition) good farming land in cultivation, except 3 acres of rocky land in one corner of the field and that had once been in cultivation." Appellee alleged that he believed the representations to be true when he conveyed the house and lot to appellant, but

afterward ascertained they were not; that as a matter of fact the 32½ acres were not in one inclosure, but were in two inclosures, "one containing (quoting) 12 acres of reasonably good farming land, including a rocky corner of about 2 acres, while the other inclosure contained 20½ acres of rough, broken, and rocky pasture land." In his answer appellant denied that he made the representations complained of, and alleged the facts to be that appellee and his agent went to and inspected the land, "saw (quoting) the quality of the land, its location, and the fences around it," and afterwards proposed to exchange the house and lot for it, which proposition he accepted.

At the trial appellee adduced testimony tending to show that appellant represented to him that all of the 32½ acres of land had been in cultivation and was within one inclosure, and appellant adduced testimony tending to show he did not make such representations. It appeared without dispute in the testimony that 12 acres of the land was in one inclosure and the remaining 20 acres in another inclosure, and further so appeared that the 20 acres had never been in cultivation. Whether the 20 acres was cultivatable or not was disputed in the testimony, the witness McAllister testifying that the soil of the 32½ acres was "approximately the same all over," while other witnesses testified that the 20 acres tract was "pasture land" and not suitable for cultivation. It also appeared without dispute in the testimony that after the time when appellee claimed the representations were made to him, and before he agreed to the exchange, appellee went upon and inspected the 12 acres and found the character of same to be substantially as he testified appellant represented the 32½ acres to be. The testimony on appellee's behalf indicated he was misled by the representation that all the land was in one inclosure to believe that the land he went upon and inspected was the entire 32½ acres. He testified that he did not know until two months after the exchange was made that the inclosure contained only 12 acres and that the remaining 20 acres was within another and adjoining inclosure.

The appeal is from a judgment in appellee's favor, based on the verdict of a jury.

J. T. Adams, of Gainesville, for appellant.
W. O. Davis and F. E. Wankan, both of Gainesville, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] On the theory that if he made the representations as charged and they were false, and if appellee was induced to make the exchange because he believed them to be true, appellee nevertheless was not entitled to the relief he sought, because he went onto

and inspected part of the land before the exchange was made, appellant requested the court to charge the jury to find in his favor, and in his first assignment complains of the refusal of the court to do so. The contention under the assignment is that, having undertaken to make an investigation to determine whether the representations were true or not, appellee was chargeable with knowledge of all a proper investigation would have disclosed, and that such an investigation would have fully disclosed the truth about the land. The proposition seems to have support in the authorities. Patterson v. Bushong (Tex. Civ. App.) 196 S. W. 962; Newman v. Lyman (Tex. Civ. App.) 165 S. W. 136; Campbell v. Jones (Tex. Civ. App.) 230 S. W. 711; 12 R. C. L. 357, 361; 26 C. J. 1162 et seq. If by a "proper" investigation is meant such an investigation as a particular complainant under all the circumstances of a case reasonably should have made, perhaps the rule is not indefensible, notwithstanding it might operate in a given case to shield a wrongdoer from liability to one in fact misled by him to his injury. But whether it means that, or means that a complainant who makes an investigation to ascertain whether representations to him were true or false is chargeable with knowledge of all a reasonably prudent person would have ascertained by the investigation, we do not think it was error for the court in the instant case to refuse to peremptorily instruct the jury as he was requested to. For we think it was for the jury, and not the court, to say from the testimony what a proper investigation would have disclosed, and whether with a knowledge of what such an investigation would have disclosed appellee nevertheless relied, and had a right to rely, upon the representations, if any, made to him by appellant.

[2] It appears from a' bill of exceptions in the record that three of the jurymen were in favor of returning a verdict for appellant, and that they were induced to agree to the verdict in appellee's favor by statements made by another juror during their deliberations that he knew the 32½ acres of land and knew that 20 acres of it was broken and rocky, was never in cultivation, and was fit for use only as a pasture. In his motion for a new trial appellant insisted that the facts just stated showed such misconduct on the part of the jury as entitled him to a new trial, and he complains in assignments in his brief of the action of the court in overruling that ground of his motion. The contention must be sustained. As the matter is presented by the bill of exceptions, the three jurors would not have agreed to the verdict rendered in the absence of the statement made by their fellow juror, so a question as to whether appellant's rights were prejudiced by

the misconduct complained of or not is not presented. It affirmatively appears they were. Under those circumstances, we think the course the trial court should have pursued was not a matter within his discretion, but that he was bound to set aside the judgment. As said by the court in Fort Worth v. Young (Tex. Civ. App.) 185 S. W. 983:

"By our laws a litigant has a right to a trial by twelve impartial jurors, and the rules for their government are so framed that each and all shall be free from all probative forces except such as may be submitted to them under the rulings of the court."

When it appears as plainly as it does from the record before us that the right referred to has been denied a litigant, there can be no doubt, we think, that the verdict and judgment against him should be set aside.

The judgment is reversed, and the cause is remanded for a new trial.